UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS C., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> ACTING COMMISSIONER OF THE <br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. ED CV 17-2103-PJW <br><br> MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance Benefits ("DIB"). He contends that the Administrative Law Judge ("ALJ") failed to provide clear and convincing reasons for rejecting his testimony. For the reasons set forth below, the ALJ's decision is affirmed.[1]

---

[1] The Court has elected to refer to Plaintiff by his first name and last initial in an attempt to provide him some degree of privacy.

## II.

## SUMMARY OF PROCEEDINGS

In April 2016, Plaintiff applied for DIB, alleging that he had been disabled since December 2014, due to post traumatic stress disorder, major depressive disorder, insomnia, and traumatic brain injury. (Administrative Record ("AR") 162-65, 227.) He later reported that he had back and knee problems and headaches. (AR 275.) His application was denied initially and on reconsideration and he requested and was granted a hearing before an ALJ. (AR 72-86, 97-112.) Following a hearing in February 2017, the ALJ issued a decision, finding that he was not disabled. (AR 15-29.) Plaintiff appealed to the Appeals Council, which denied review. (AR 2-8.) This action followed.

## III.

## ANALYSIS

Plaintiff contends that he is almost totally incapacitated due to his physical and mental/emotional impairments. Prior to the administrative hearing, he reported, among other things, that he could only concentrate for 30 seconds and could only walk a quarter of a mile before needing to rest for an hour before he could walk again. (AR 268.) He appeared at the administrative hearing with a cane, which he told the ALJ had been prescribed by his doctor a month earlier, and explained that he needed it to get around. (AR 45-46.) He testified that he suffered from migraine headaches five times a week from three to eight hours at a time (AR 41), slept only one to two hours a night (AR 42), experienced audio and visual hallucinations every other day (AR 43), and could only lift and carry two pounds. (AR 64-65.)

The ALJ discounted Plaintiff's testimony because it was not supported by the medical evidence and because his treatment had been conservative. (AR 22-26.) These are valid reasons for questioning a claimant's testimony. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting ALJs can consider medical evidence in determining credibility of claimant); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (holding inconsistency between allegations of severe pain and conservative treatment was proper basis for discounting credibility). And they are supported by the record.

The ALJ noted that the orthopedist who reviewed Plaintiff's medical records determined that his physical impairments were non-severe. (AR 26.) She also pointed out that there was no evidence to support Plaintiff's claims that he needed a cane to move around, was unable to lift and carry more than two pounds, or suffered from migraine headaches five days a week. (AR 21-26, 663-66, 1554-55, 1632-34, 1705-07, 1739-40.) Clearly, the ALJ's finding that the medical record did not support Plaintiff's claimed physical limitations is supported by the record.

The same holds true regarding Plaintiff's claimed mental/ emotional impairments. The medical records show that Plaintiff suffered from depression, PTSD, anxiety, insomnia, and hallucinations. But, as the ALJ found, they also reflect that, upon examination, the doctors reported generally unremarkable mental status findings with normal concentration and memory, normal thought processes, normal insight and judgment, and no objective evidence of observed

3

hallucinations or other perceptual disturbances. (AR 22, 24-26, 469, 476-77, 679-84, 1559-61, 1573-74, 1597-98, 1604-05, 1618, 1627-29, 1640, 1647-49, 1652-54, 1657-59, 1662-64, 1668-69, 1672, 1684-85, 1717-19, 1735-36.)

Plaintiff argues that the lack of objective evidence to support the extent of his symptoms is not enough to reject his testimony, citing *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir 1991). (Joint Stip. at 10.) But the ALJ did not rely solely on the lack of medical evidence; she also relied on the fact that Plaintiff received only limited and conservative treatment for his ailments, which the record establishes is true. (AR 23-26.)

Plaintiff disagrees. He points out that he was prescribed Oxycodone, a narcotic pain reliever, and argues that this shows that his treatment was not conservative, citing *Tunstell v. Astrue*, 2012 WL 3765139, at *4 (C.D. Cal. Aug. 30, 2012), and *Nevins v. Astrue*, 2011 WL 6103057, at *5 (C.D. Cal. Dec. 8, 2011). (Joint Stip. at 12.) These cases do not stand for the proposition that narcotic pain relievers alone constitute more than conservative treatment. But, even if they did, there are an equal number of cases that have reached the opposite conclusion. *See, e.g., Huizar v. Comm'r*, 428 F. App'x 678, 680 (9th Cir. 2011) (equating narcotic medications with conservative treatment); *Higinio v. Colvin*, 2014 WL 47935, at *5 (C.D. Cal. Jan. 7, 2014) (finding plaintiff's treatment as a whole conservative even though he had been prescribed narcotic medication at various times). In the context of this case, the Court would agree with the government that Plaintiff's treatment was conservative even though he was prescribed Oxycodone. When he appeared before the ALJ, Plaintiff was claiming disability from December 2014 to March 2017, a

period of 27 months.  Yet, he had been prescribed Oxycodone for only two of those 27 months, July and August 2016.  (AR 1566, 1635, 1707.) To the extent that Oxycodone use establishes more than conservative treatment, Plaintiff's use of Oxycodone accounted for well under 10% of the period of his alleged disability.  This seems to indicate that he and his doctors did not perceive his pain as significant as he portrayed it before the Agency.

Plaintiff notes that the Veterans Administration found that he was suffering from service-connected disability.  (Joint Stip. at 11-12; AR 193-212.)  To the extent that Plaintiff is arguing that the VA's disability finding establishes disability under the Social Security Act, that argument is rejected.  The VA finding relates to fitness for military service and does not translate into disability for social security purposes.  Nevertheless, as required, the ALJ considered the VA finding and rejected it because she found that it was "conclusory," with "very little explanation of the evidence relied on in forming that opinion," and without positive objective clinical or diagnostic findings to support the disability statements.  (AR 27.) That finding is supported by the record and will not be disturbed. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (explaining ALJ may give less than "great weight" to a VA disability rating for "persuasive, specific, valid reasons for doing so that are supported by the record").

Because the ALJ set forth specific, clear, and convincing reasons for discounting Plaintiff's testimony regarding his physical and mental conditions and, further, because there is substantial evidence to support those reasons, her decision will be affirmed.  *See Trevizo*

*v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).[2]

IV.

CONCLUSION

For the reasons set forth above, the Agency's decision that Plaintiff is not disabled is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: November 13, 2018

*(signature)*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\JESUS C, 2103\Memo Opinion.wpd

---

[2] The Agency argues that the ALJ also questioned Plaintiff's credibility because his statements to the Agency about his daily activities were inconsistent with statements he made to his doctors. (Joint Stip. at 16.) The Court has not considered this reason because it does not appear that the ALJ relied on it in reaching her decision. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

6